Filed 5/13/26  P. v. Estrada CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

ARTHUR ESTRADA,

      Defendant and Appellant.

E086318

(Super.Ct.No. RIF102916)

OPINION

APPEAL from the Superior Court of Riverside County.  Valerie A. Navarro, Judge.  Affirmed.

Eric Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In May 2025 the trial court resentenced Arthur Estrada under Penal Code sections 1172.7 and 1172.75.[1]  Estrada appealed.  His attorney filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 informing this court they were unable to identify any errors and asking us to perform an independent review of the record.  We affirm.

BACKGROUND

In February 2004 a jury convicted Estrada of possessing heroin for sale (Health and Saf. Code § 11351) and possessing a firearm as a felon (§ 12021, subd. (a)(1).)  The trial court sentenced him to an aggregate term of 25 years to life plus 21 years, composed of sentences of 25 years to life for each count (with one to run concurrently), three five-year enhancements under section 667.5, subd. (a), a three-year enhancement under Health and Safety Code section 11370, subd. (a), two three-year enhancements under section 186.22, subd. (b) (with one to run concurrently), and three stayed one-year enhancements under section 667, subd. (b).

In June 2022 the California Department of Corrections and Rehabilitation (CDCR) identified Estrada as a person serving a sentence which contained now invalid enhancements, as required under sections 1172.7 and 1172.75.  In December 2023 the court followed section 1172.7 by recalling Estrada's sentence and striking the three-year enhancement imposed under Health and Safety code section 11370, subdivision (a).  However, the court did not conduct a full resentencing, and continued the resentencing

---

[1]  Unlabeled statutory citations refer to the Penal Code.

hearing into 2024.  The resentencing was not completed until 2025 due to multiple subsequent continuances—all of which Estrada either stipulated to or requested.

In February 2025 the prosecution filed a sentencing memorandum arguing Estrada should not be permitted to move to strike any of his strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  Estrada responded, arguing a court may strike strikes during or prior to resentencing under sections 1172.7 and 1172.75.

The court finally held the full resentencing hearing on May 16, 2025.  At the hearing the court concluded it did have the authority to strike a prior strike when resentencing Estrada under sections 1172.7 and 1172.75, but declined to do so.  Instead, the court struck the three previously stayed one-year prior prison enhancements rendered invalid under section 1172.75, but did not otherwise disturb the sentence.  Estrada's new aggregate term became 25 years to life plus 18 years.

Estrada timely appealed.

DISCUSSION

We appointed counsel to represent Estrada on appeal, and counsel filed a brief setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record.  Counsel's brief directed our attention to two potential issues:  whether the court erred in denying Estrada's *Romero* motion and whether the court erred in resentencing him.  We offered Estrada an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error and find no arguable error that would result in a disposition more favorable to Estrada.

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                    
                                   J.

We concur:


RAMIREZ                   
                    P. J.


FIELDS                    
                    J.